EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gladys García Rubiera, Domingo A. Corporan Suárez, Adalberto Rodríguez, Lourdes Matos, José R. Maldonado y otros<br><br>    Peticionarios<br><br>        vs.<br><br>Asociación de Suscripción Conjunta de Seguro de Responsabilidad Obligatorio, Puerto Rican American Ins. y otros<br><br>    Recurridos | Certiorari<br><br>2005 TSPR 103<br><br>164 DPR ＿＿＿ |

Número del Caso: CC-2004-518

Fecha: 12 de julio de 2005

Tribunal de Apelaciones:

          Región Judicial de San Juan Panel III

Juez Ponente:

          Hon. Antonio J. Negroni Cintrón

Abogado de la Parte Peticionaria:

          Lcdo. Antonio J. Amadeo Murga

Abogados de la Parte Recurrida:

                    Lcdo. Arturo J. García Solá
                    Lcdo. Mario Arroyo Dávila
                    Lcdo. Roberto C. Quiñones Rivera
                    Lcda. Luz Nereida Carrero
                    Lcda. Nannette Berrios Haddock
                    Lcdo. Pedro R. Cintrón Rivera
                    Lcda. Isabel López Rivera
                    Lcdo. Carlos Martínez Texidor
                    Lcdo. José A. Iguina de la Rosa
                    Lcda. Magaly Rodríguez de Vázquez
                    Lcdo. Javier A. Agreló Pérez

Oficina del Procurador General:

                    Lcda. Sarah Y. Rosado Morales
                    Procuradora General Auxiliar


Materia: Inconstitucionalidad de Ley


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gladys García Rubiera,
Domingo A. Corporan Suárez,
Adalberto Rodríguez, Lourdes
Matos, José R. Maldonado y
otros

    Peticionarios

       vs.                CC-2004-518    CERTIORARI

Asociación de Suscripción
Conjunta de Seguro de
Responsabilidad Obligatorio,
Puerto Rican American Ins.
y otros

    Recurridos

    OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico a 12 de julio de 2005

El presente caso tiene su génesis en una demanda en cobro de dinero, intereses y honorarios presentada, por varios demandantes [1], contra la Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio [2], en adelante "la Asociación". En dicha demanda se alegó, en síntesis, que durante los años 1997 al 2000 los

---

[1] Gladys García Rubiera; Domingo A. Corporan Suárez; Adalberto Rodríguez; Lourdes Matos; José R. Maldonado; José Pérez Caníbal; Manuel Molina Godinez; David Castro; Adalberto Avilés; Jorge Plard; Laura Plard Ocasio; Ginova Toro Morales; y Noemí Valentín Marrero.

[2] Figuran como codemandadas, Puerto Rican American Ins. Co.; Universal Ins. Co.; Preferred Risk Ins. Co.; National Ins. Co., Cooperativa de Seguros Múltiples; American Internacional Ins. Co.; Royal & Sun Alliance Ins. Co.; Caribbean Alliance Ins. Co.; All State Ins. Co.; y X, Y, Z, Companies.

demandantes pagaron las primas de una póliza de seguro, bajo alguna aseguradora privada, conocida como póliza del seguro tradicional de responsabilidad y que, de igual forma, pagaron también primas del Seguro de Responsabilidad Obligatorio creado por la Ley Núm. 94 de 20 de agosto de 1997, 26 L.P.R.A. secs. 8052 et seq., según enmendada, conocida como Ley de Seguros de Responsabilidad Obligatorio. Los demandantes alegaron que, en virtud de la Ley Núm. 94, ante, y del Reglamento para la instrumentación de dicho estatuto, <u>las compañías aseguradoras codemandadas tenían la obligación de devolver las primas pagadas en exceso en concepto del Seguro de Responsabilidad Obligatorio</u>. Por tal razón, solicitaron el <u>reembolso</u> de la suma de dinero que representa los pagos realizados por éstos para obtener una póliza del Seguro de Responsabilidad Obligatorio.

Los demandantes radicaron la referida acción como un <u>pleito de clase</u> a favor de todos los consumidores que, alegadamente, han sido privados ilegalmente del reembolso de las cantidades pagadas por la prima del Seguro de Responsabilidad Obligatorio.

Conforme a ello, el 20 de noviembre de 2001 los demandantes le solicitaron al foro primario que la acción fuese <u>certificada</u> como un pleito de clase. En la referida solicitud se alegó que el pleito se había instado en representación de más de doscientas mil personas (200,000) a quienes la Asociación no les había devuelto o reembolsado las primas pagadas por concepto del seguro obligatorio, a

pesar de que éstas habían cumplido con el requisito de tener una póliza tradicional. Se indicó que en el presente caso se cumplían los requisitos para que la acción se certificara como un pleito de clase; a saber, que las cuestiones de hecho y de derecho eran comunes a los miembros de la clase, que estas predominaban sobre las cuestiones que afectaban solamente a los miembros individuales y que el remedio de la acción de clase era superior a otros medios disponibles para la adjudicación eficiente de la controversia. En virtud de lo anterior, solicitaron que el tribunal señalara una vista para determinar si procedía o no la acción como un pleito de clase.

Posteriormente, la Asociación se opuso a la referida solicitud[3] sosteniendo que no procedía la certificación de la acción como un pleito de clase ya que la parte promovente no había presentado argumentos suficientes que demostraran la procedencia de su reclamo. Conforme lo anterior, alegó que la parte que solicita la certificación de un pleito de clase no puede descansar en meras alegaciones, sino que tiene que demostrar el cumplimiento con los requisitos establecidos por la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Sostuvo que la parte demandante no había establecido, ni si quiera preliminarmente, que cumplía con los requisitos necesarios para la certificación solicitada ni había

---

[3] A dicha oposición se unieron las codemandadas Seguros Triple-S Inc., Caribbean Alliance Insurance Co. y Royal & Sunalliance Insurance Company of Puerto Rico.

expuesto fundamentos suficientes que sustentasen la procedencia de la acción como un pleito de clase.

Así las cosas, el 19 de marzo de 2002, sin celebrar la vista solicitada, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió resolución denegando la certificación del pleito como uno de clase. Expresó que para determinar si el pleito era uno de clase, le correspondía a los promoventes demostrar que la acción cumplía con los requisitos expuestos en la Regla 20.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

El foro primario señaló que resultaba impráctico conceder la certificación en el presente caso ya que ello conllevaría la necesidad de demostrar que cada miembro de la clase pagó ambos seguros y que no recibió un reembolso de la Asociación a su nombre, un cheque del Secretario de Hacienda, o un crédito de su seguro privado. Determinó que, de obtenerse una sentencia favorable de índole general, y llegado el momento de ejecutar la sentencia, los miembros representados ausentes de la clase tendrían que ratificar con prueba individual su derecho a beneficiarse del pleito de clase. Por último, determinó que el certificar el pleito como uno de clase no propendía a la eficiencia procesal.

Inconformes con tal determinación, los demandantes acudieron --vía certiorari-- ante el Tribunal de Apelaciones. El 30 de abril de 2004, el referido foro emitió resolución denegando la expedición del auto solicitado y confirmando, de este modo, la resolución del foro primario.

Fundamentó su determinación, entre otras razones, en el hecho de que, al promover la certificación como un pleito de clase, los peticionarios habían presentado una escueta moción de dos (2) páginas en la cual no expusieron hechos o datos adicionales ni anunciaron prueba que demostrase que su solicitud cumplía con los requisitos pertinentes que justificaran que el pleito se certificara como uno de clase. Conforme lo anterior, resolvió, que estando la moción desprovista de los hechos, datos, evidencia u oferta de prueba que demostrara, prima facie, que los peticionarios cumplían con los requisitos mínimos que justificaran la certificación del pleito como uno de clase, el Tribunal de Primera Instancia no había abusado de su discreción al denegar ambas, la certificación de pleito de clase y la celebración de la vista solicitada para estos efectos.

Aún inconforme, la parte demandante recurrió --vía *certiorari*-- ante este Tribunal. Alegó que procede revocar la resolución emitida por el tribunal apelativo intermedio debido a que dicho foro judicial incidió al:

> … resolver denegar la expedición del auto solicitado concluyendo que el Tribunal de Primera Instancia Sala Superior de San Juan actuó correctamente al denegar la certificación de clase, bajo el fundamento de que los demandantes no demostraron prima facie que cumplían con los requisitos mínimos para la certificación de un pleito de clase y;

> … resolver que no abusó de su discreción el Tribunal de Primera Instancia Sala Superior de San Juan al negarse a señalar, previa a su resolución de que no procedía la certificación de un pleito de clase, una vista evidenciaria a esos fines, según solicitaran los recurrentes.

El 27 de agosto de 2004, mediante Resolución a tales efectos[4], le concedimos término a la parte demandada recurrida para mostrar causa por la cual este Tribunal no debía expedir el auto solicitado, dictar Sentencia revocatoria de la resolución emitida en el presente caso por el Tribunal de Apelaciones y devolver el caso al tribunal de instancia para la celebración de una vista. La parte demandada recurrida ha comparecido en cumplimiento de la mencionada Resolución.

Contando con la comparecencia de ambas partes y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

A

Como es sabido, la acción de clase es un procedimiento que permite la representación de un nutrido grupo de personas con reclamaciones típicas basadas en los mismos hechos o cuestiones de derecho de manera que, la adjudicación tenga la extensión y la profundidad necesaria para resolver las controversias presentadas. Noriega v. Gobernador, 122 D.P.R. 650, 684 (1988); Cuadrado Carrión v. Romero Barceló, 120 D.P.R. 434, 445-446 (1988).

---

[4] Sala Especial de Verano integrada por los Jueces Asociados señor Rebollo López, señor Corrada del Río, señor Rivera Pérez y señora Fiol Matta.

Este Tribunal ha señalado que la figura del pleito de clase adelanta los objetivos siguientes: (1) fomenta la economía judicial en la medida que disminuye el número de casos que deben resolver los tribunales al permitirles adjudicar de una vez todas las cuestiones comunes a varios litigios, evitando la posibilidad de reclamaciones múltiples y repetitivas; (2) permite hacer justicia a personas que de otra manera no la obtendrían, especialmente cuando las sumas individuales en controversia no son cuantiosas y, por lo tanto, las personas agraviadas no se sienten motivadas a litigar, y (3) protege a las partes de sentencias inconsistentes. Rivera Castillo v. Municipio de San Juan, 130 D.P.R. 683, 691 (1992); Cuadrado Carrión v. Romero Barceló, 120 D.P.R. 434, 446 (1988).

Las acciones o pleitos de clases están regulados por la Regla 20 de Procedimiento Civil, ante. La Regla 20.1, 32 L.P.R.A. Ap. III, dispone lo siguiente:

> Uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si
> (1) la clase fuere tan numerosa que la acumulación de
> todos los miembros resultare impracticable;
> (2) existieren cuestiones de hecho o de derecho común a la clase;
> (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y
> (4) los representantes protegerían los intereses de la clase de manera justa y adecuada.

Sin necesidad de entrar a analizar cada uno de estos requisitos, los cuales ya han sido ampliamente discutidos

por nuestra jurisprudencia [5], reiteramos que, previo a certificar una acción como un pleito de clase, el tribunal debe cerciorarse que se cumplen con los referidos criterios de numerosidad, comunidad, tipicidad, y adecuacidad. "Ausente cualquiera de estas condiciones no procede la certificación." Cuadrado Carrión v. Romero Barceló, ante, a la pág. 458.

Para que proceda la certificación como pleito de clase, sin embargo, no basta con el cumplimiento de los cuatro requisitos de la Regla 20.1 de Procedimiento Civil, ante, sino que, además, es necesario que se satisfaga, al menos, uno de los requisitos adicionales establecidos por la Regla 20.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Estos requisitos adicionales son los siguientes:

> (a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de
> (1) adjudicaciones inconsistentes o variadas con respecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o
> (2) adjudicaciones con respecto a miembros individuales de la clase, que para todos los fines prácticos dispondrían de los intereses de los otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impedirían sustancialmente su habilidad para proteger sus intereses; o
>
> (b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria

---

[5] A estos efectos véase Cuadrado Carrión v. Romero Barceló, ante.

correspondiente con respecto a la clase en general; o

(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:

(1) el interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;
(2) la naturaleza y alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;
(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico;
(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

Hemos expresado que la determinación de si un pleito puede tramitarse como uno de acción de clase no puede descansar en la mera especulación y que el peso de la prueba recae en el promovente de la certificación. Véase: Cuadrado Carrión v. Romero Barceló, ante. De este modo, corresponde al promovente demostrar el cumplimiento de cada uno de los requisitos establecidos por la Regla 20.1 y, en adición, al menos uno de los requisitos de la Regla 20.2.

En cuanto a la determinación de si un pleito se tramitará como una acción de clase, la Regla 20.3 de las de Procedimiento Civil, dispone que, tan pronto como sea factible, luego de la radicación de un pleito traído como pleito de clase, el tribunal determinará, mediante orden, si se mantendrá como tal. Una orden bajo este inciso podrá ser

condicional y podrá ser alterada o enmendada antes de la decisión en los méritos.

B

El texto de nuestra Regla 20 de Procedimiento Civil, ante, corresponde sustancialmente al de la Regla 23 de Procedimiento Civil Federal, 28 U.S.C. Debido a la correlación entre la regla federal y la nuestra, en términos de su desarrollo y su contenido, hemos expresado que la jurisprudencia interpretativa de ésta resulta altamente persuasiva. Véase: Cuadrado Carrión v. Romero Barceló, ante.

Al interpretar la Regla 23 de Procedimiento Civil Federal, el Tribunal Supremo de los Estados Unidos ha expresado, que el tribunal debe conducir un "análisis riguroso" previo a la certificación de un pleito de clase. Aun cuando el tribunal de instancia tiene amplia discreción, para determinar si concede o no esta certificación, dicho ejercicio discrecional debe realizarse luego de examinar detenidamente el cumplimiento de los requisitos de la Regla 23. General Tel. Co. v. Falcon, 457 U.S. 147 (1982); Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981).

El requisito de realizar un "análisis riguroso" significa que un pleito de clase no se mantiene por la mera alegación del promovente a los efectos de que se cumplen con los requisitos de la Regla 23, sino que es el tribunal quien tiene la obligación de determinar si, en efecto, se cumple con los mismos. Aunque la celebración de una vista a estos

efectos <u>no</u> es mandatoria, <u>para que el tribunal se encuentre en posición óptima de cerciorarse de que se satisfacen los requisitos establecidos por la referida Regla, la celebración de la misma es conveniente</u>. En <u>General Tel. Co. v. Falcon</u>, ante, el Tribunal Supremo federal --al revocar la determinación de un tribunal apelativo en la cual se confirmaba la certificación de un pleito de clase realizada por un foro primario sin, previamente, haberse celebrado una vista-- <u>expresó que</u>, en algunas instancias, será necesario que el tribunal "rebusque" más allá de las alegaciones antes de resolver el asunto de la certificación.

Por otro lado, en <u>Weathers</u> v. <u>Peters Realty Corp.</u>, 499 F.2d 1197 (6th Cir. 1974) se expresó que, en algunos casos, será necesario darle a las partes la oportunidad de presentar evidencia referente al asunto de la certificación. En este caso se reafirmó que la mera repetición del lenguaje de la Regla 23 no era suficiente sino que se necesitaban unas alegaciones fácticas que indicaran que cada uno de los requisitos de la regla se cumplía. Lo anterior puede desprenderse de las alegaciones de la demanda si contiene los datos suficientes para que se satisfagan los requisitos de la Regla 23, pero, de ordinario, la determinación de si procede o no que se certifique el pleito de clase requiere más información de la que se provee en la demanda.

Por esta razón, resulta <u>aconsejable y conveniente</u> que se le brinde a las partes la oportunidad de presentar --<u>en una vista</u>-- evidencia <u>a favor, o en contra</u>, del

mantenimiento de la acción como un pleito de clase. Esto es, la vista es en beneficio de ambas partes. La determinación que sobre ello haga el tribunal, natural y forzosamente, es una discrecional.

II

"Discreción, naturalmente, significa tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". Pueblo v. Ortega Santiago 125 D.P.R. 203, 211 (1990). Sin embargo, el adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Íbid.

Anteriormente hemos señalado las varias maneras en que se puede manifestar un abuso de discreción. Sobre este aspecto, hemos expresado que un tribunal de justicia incurre en abuso de discreción, entre otras y en lo pertinente, "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos". Véase: Pueblo v. Ortega Santiago, ante a las págs. 211-212. (Énfasis nuestro).

Por otro lado, y como reiteradamente hemos expresado, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. Meléndez Vega v. Caribbean Intl. News, 151 D.P.R. 649, 664 (2000) Lluch v. España Service Sta., 117 D.P.R. 729, 745 (1986); Valencia, Ex parte, 116 D.P.R. 909, 913 (1986); Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193 (1965).

III

En el presente caso, en consecuencia, nos corresponde resolver si constituyó un abuso de discreción por parte del Tribunal de Instancia el denegar la certificación del pleito de clase sin celebrar una vista en la que se le diera oportunidad a los demandantes de presentar evidencia que demostrase el cumplimiento de los criterios requeridos por la Regla 20 de Procedimiento Civil y que tuviera el efecto de poner al tribunal en posición óptima de hacer la determinación de si, en efecto, estos se cumplen o no.

Como ya indicáramos --y según correctamente expresara el tribunal de instancia-- el promovente de la certificación de una acción como pleito de clase tiene el peso de la prueba de demostrar que se cumplen con los requisitos establecidos por la Regla 20 de Procedimiento Civil, ante, lo cual significa que éste tendrá que demostrar --a

satisfacción del tribunal-- que se cumplen con cada uno de los requisitos establecidos por la Regla 20.1 y con al menos uno de los requisitos adicionales dispuestos por la Regla 20.2. <u>Ello no releva al tribunal de su deber de realizar un análisis riguroso previo a certificar, o no, el pleito como uno de clase. Esto conlleva la obligación de cerciorarse de que, efectivamente, se cumplen con los mencionados requisitos, sin los cuales, no podrá concederse la referida certificación</u>. Somos del criterio que, <u>precisamente, para estos efectos fue que se solicitó la vista evidenciaria en el presente caso</u>. Erró el foro de instancia al denegar la misma.

En la resolución que emitiese el Tribunal de Instancia, éste expresó, <u>como único fundamento para denegar la certificación</u>, que resultaba impráctico conceder la certificación en el presente caso ya que, de obtenerse una sentencia favorable de índole general, y llegado el momento de ejecutar la sentencia, los miembros representados ausentes de la clase tendrían que ratificar con prueba individual su derecho a beneficiarse del pleito. Este fundamento --de que sería muy difícil para el tribunal determinar quiénes se beneficiarían de una sentencia en contra de las demandadas-- <u>no</u> derrota, por sí solo, la posibilidad de que el presente pleito pueda ser certificado como uno de clase. Recordemos que, tal y como señaláramos anteriormente, uno de los propósitos principales del pleito de clase es, <u>precisamente</u>, acumular un gran número de

personas que tengan cuestiones de hecho o de derecho comunes de modo que, mediante una sola sentencia, se resuelvan estas cuestiones para ese número de personas.

Se desprende de la resolución emitida que el Tribunal de Instancia no explicó o expuso las razones por las cuales no se cumplían con los requisitos del pleito de clase ni las razones para denegar la vista solicitada. Reiteramos que la decisión de celebrar una vista evidenciaria es un asunto discrecional. Ello no obstante, la denegatoria a esos efectos debe ser una fundamentada; de lo contrario, no podría un tribunal apelativo revisar dicha determinación en forma responsable.

De la solicitud de certificación se desprende que los peticionarios alegaron que la clase era numerosa, que las cuestiones de hecho y de derecho eran comunes a toda la clase, y que las cuestiones comunes prevalecían sobre las individuales. Ante estas alegaciones, el tribunal debió haber celebrado vista ya que podía proceder la referida solicitud si se le daba a la parte promovente la oportunidad de presentar evidencia a estos efectos.

Somos del criterio, en consecuencia, que constituyó un abuso de discreción la determinación del foro de instancia de denegar la certificación sin el beneficio de la vista ya que surge de la solicitud la probabilidad de que se cumplieran los requisitos de la Regla 20 de Procedimiento Civil, ante.

Se dictará Sentencia de conformidad.


                    FRANCISCO REBOLLO LÓPEZ
                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gladys García Rubiera,
Domingo A. Corporan Suárez,
Adalberto Rodríguez, Lourdes
Matos, José R. Maldonado y
otros

    Peticionarios

       vs.              CC-2004-518     CERTIORARI

Asociación de Suscripción
Conjunta de Seguro de
Responsabilidad Obligatorio,
Puerto Rican American Ins.
y otros

    Recurridos

SENTENCIA

San Juan, Puerto Rico a 12 de julio de 2005

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la Resolución emitida por el Tribunal de Apelaciones. En consecuencia, se devuelve el caso al tribunal de instancia para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo