Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>SUCESIÓN DE AMÉRICO VEGA HERNÁNDEZ, et al.<br><br>Peticionarios | KLCE202300906 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sobre: Cobro de dinero, Ejecución de hipoteca por la vía ordinaria<br><br>Caso Núm. ACD2014-0014 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Cintrón Cintrón y la Jueza Rivera Pérez.[1]

Rodríguez Casillas, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

Comparece por derecho propio el Sr. Américo Vega Castillo (señor Vega Castillo o peticionario),[2] para que revoquemos un dictamen emitido y notificado el 30 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), en el que declaró *No Ha Lugar* la solicitud de nulidad de Subasta. El referido dictamen fue objeto de una *Moción de Reconsideración,* la cual fue declarada *No Ha Lugar* el 12 de julio de 2023.[3]

Examinada la naturaleza del recurso, lo acogemos como *certiorari* y solicitamos el cambio de su identificación alfanumérica.

Evaluados los escritos de las partes comparecientes, resolvemos **denegar** el auto de *certiorari.*

---

[1] Se modifica la composición del Panel conforme a la Orden Administrativa OATA-2023-120 del 10 de julio de 2023, que designa a la Hon. Cintrón Cintrón para entender y votar en el recurso de epígrafe.
[2] En su escrito por derecho propio compareció Américo Vega Hernández, mientras que la firma en el recurso es Américo Vega Castillo, entendemos que es un error, por lo que daremos por compareciente al Sr. Américo Vega Castillo.
[3] Notificada el 13 de julio de 2023.

Número Identificador

RES2023 _____

**-I-**

El Banco Popular de Puerto Rico (BPPR o recurrido) incoó el **14 de marzo de 2014** una demanda enmendada,[4] por cobro de dinero y ejecución de hipoteca contra el Sr. Américo Vega Hernández y la Sra. María Magdalena Castillo Morales (Causantes).[5] En la referida demanda enmendada, el BPPR interpeló a los presuntos herederos de los Causantes. El **19 de junio de 2014**, el señor Vega Castillo contestó la demanda enmendada,[6] y entre otras alegaciones, adujo que la propiedad objeto del litigio constituía su vivienda principal.

Surge de los autos que el **30 de diciembre de 2016** el BPPR presentó ante el TPI una *"Tercera Moción Reiterándonos se Dicte Sentencia Sumaria In Rem"*. Al transcurrir en exceso el término para que el señor Vega Castillo se opusiera, el **12 de junio de 2017** y notificada el 28 de junio de 2017, fue dictada una *Sentencia Sumaria* a favor del banco, concediendo los remedios solicitados.[7] El foro sentenciador esbozó las siguientes determinaciones de hechos:

> *1. El día 18 de agosto de 2003, los causantes Américo Vega Hernández y su esposa María Magdalena Castillo Morales, en adelante los "Deudores", emitieron un pagaré a favor de Master Mortgage Corporation, o a su orden, por la suma de $105,000.00 de principal, devengando intereses a razón del 7% anual, hasta su total y completo pago. Pagadero en 360 plazos mensuales y consecutivos de $698.57, los días primero de cada mes, comenzando el 1ro de octubre de 2003, vencedero el 1ro de septiembre de 2033, si no hubiese sido declarada vencida la totalidad de la deuda con anterioridad por incumplimiento con el pago de los plazos pactados y un 10% del original del principal por concepto de costas, gastos y honorarios de abogado en caso de ser necesaria la reclamación judicial, previo a su vencimiento, ante el Notario Juan Carlos Goitía Rosa, en adelante el "Pagaré". El pagaré establece que si el acreedor no hubiese recibido el pago total mensual requerido al cabo de 15 días calendarios después del vencimiento del pago, el acreedor podrá cobrar un cargo por demora de un 5% de la suma pactada.*
>
> *2. Los "Deudores" renunciaron en el "Pagaré" al derecho de presentación y aviso de rechazo y protesto.*

---

[4] La demanda se enmendó con el propósito de sustituir a los codemandantes Américo Vega Hernández y María Magdalena Castillo Morales por sus herederos: Américo, José y Ricardo de apellidos Vega Castillo. Además, se incluyó a Jonh Doe y Richard Roe como herederos desconocidos.

[5] Apéndice 2 del recurso del Peticionario, págs. 6 – 8.

[6] Apéndice 3 del recurso del Peticionario, págs. 10 – 11.

[7] Apéndice 6 del recurso del Peticionario, págs. 36 – 46.

*3. El "Pagaré" fue endosado por Master Mortgage Corp. a favor de EMI Equity Mortgage, Inc.*

*4. Banco Popular de Puerto Rico adquirió el "Pagaré" de EMI Equity Mortgage Inc., y endoso el "Pagaré" en blanco sin designar cesionario.*

*5. Banco Popular de Puerto Rico es el actual tenedor del "Pagaré" original. El mismo no ha sido endosado para su cancelación, ni cedido, ni negociado.*

*6. El día 18 de agosto de 2003, los "Deudores" otorgaron la escritura número 808, ante el Notario Juan Carlos Goitía Rosa, sobre Primera Hipoteca para garantizar el "Pagaré", gravando la siguiente propiedad:*

> *RÚSTICA: Radicada en el Barrio Palmar del término municipal de Aguadilla, Puerto Rico, con una cabida superficial de CUATROCIENTOS SESENTA Y OCHO PUNTO SETENTA Y TRES METROS CUADRADOS (468.73 m/c). En lindes por el NORTE, con servidumbre de paso; por el SUR, con María Concepción; por el ESTE, con remanente de la finca; y por el OESTE, con remanente de la finca.---------------------------------------------*
> *--Enclava una estructura de hormigón y bloques de una sola planta dedicada a vivienda.--------------------------------*
> *--Inscrita en el Registro de la Propiedad de Puerto Rico, Sección de Aguadilla, al folio 149 del tomo 609 de Aguadilla, finca número 25,398, inscripción sexta.-------*

*7. La hipoteca objeto de la Escritura número 808 consta inscrita en el Registro de la Propiedad de Puerto Rico, Sección de Aguadilla, al folio 149 del tomo 609 de Aguadilla, finca número 25,398, inscripción séptima.*

*8. Los causantes Américo Vega Hernández y María Magdalena Castillo Morales fallecieron, por lo que en la demanda enmendada se incluyó a la sucesión de éstos compuesta por Américo, José y Ricardo, de apellidos Vega Castillo, y se incluyó a John Doe y Richard Roe como herederos desconocidos, quienes aceptaron la herencia de sus respectivos padres por requerimiento de interpelación del acreedor al acápite ocho (8) de la demanda enmendada.*

*9. Banco Popular de Puerto Rico declaró vencida la suma de $91,778.93, más los intereses a razón del 7% anual que se han devengado sobre dicha suma hasta el día 1ro de diciembre de 2016, ascendentes a $26,708.86, más los devengados hasta esta fecha y los que se devenguen hasta el total y completo pago de la deuda, la suma de $2,262.32 por concepto de cargos por demora devengados hasta el 1ro de diciembre de 2016, más los cargos por demora devengados hasta ésta fecha y los que se devenguen hasta el total y completo pago de la deuda y la suma de $10,500.00 para costas, gastos y honorarios de abogado del demandante pactados en el pagaré y en el contrato de hipoteca y cualesquiera otros adelantos para contribuciones y pólizas de seguro.*

*10. Las cantidades antes mencionadas se encuentran determinadas, vencidas, líquidas y exigibles. [sic].[8]*

---

[8] *Id.,* en las págs. 42 – 43.

Luego de varias incidencias procesales, el **13 de diciembre de 2021** se expidió el *Edicto de Subasta*,[9] y el **24 de enero de 2022** se notificó por correo certificado la *Notificación de Subasta.*[10]

La subasta se celebró el **17 de marzo de 2022** y se adjudicó la propiedad a BPPR por la suma de $52,500.00,[11] por lo que el **17 de marzo de 2022** presentó una *MOCIÓN EN SOLICITUD DE CONFIRMACIÓN DE VENTA JUDICIAL Y EN SOLICITUD DE QUE SE EXPIDA ORDEN Y MANDAMIENTO DE LANZAMIENTO.*[12] Así, el **26 de abril de 2022**,[13] el TPI emitió *Orden de Confirmación de Adjudicación o Venta Judicial,*[14] y orden de lanzamiento.[15]

Así las cosas, el **15 de junio de 2023** el señor Vega Castillo presentó por derecho propio una *Moción de Nulidad de Subasta Ante Aviso de Venta Judicial y Edicto Defectuoso.*[16] En síntesis, solicitó la nulidad del: (1) aviso y el edicto de la subasta, (2) el proceso de venta judicial y (3) la escritura de compraventa judicial, ya que la ubicación de la propiedad no se hizo de manera adecuada, lo que violaba el debido proceso de ley.

Oportunamente, el BPPR se opuso a la nulidad de la subasta.[17] En síntesis, adujo que el señor Vega Castillo tuvo suficiente y debida notificación sobre el proceso en su contra y contra la propiedad. Arguyó, que la finca fue descrita correctamente y que se cumplió a cabalidad con las disposiciones legales.

Evaluada las posiciones de las partes, el TPI declaró *No Ha Lugar* la nulidad solicitada.[18]

---

[9] Apéndice 8 del recurso del Peticionario, págs. 54 – 56.
[10] Apéndice 8 del recurso del Peticionario, págs. 53 – 56.
[11] Apéndice 12 del recurso del Peticionario, pág. 71.
[12] Apéndice 10 del recurso del Peticionario, págs. 62 – 64.
[13] Notificada el 5 de mayo de 2022.
[14] Apéndice 12 del recurso del Peticionario, págs. 70 – 72.
[15] Apéndice 11 del recurso del Peticionario, págs. 66 – 68.
[16] Apéndice 14 del recurso del Peticionario, págs. 78 – 86.
[17] Apéndice 15 del recurso del Peticionario, págs. 88 – 93.
[18] Apéndice 16 del recurso del Peticionario, pág. 95.

Inconforme, el señor Vega Castillo solicitó reconsideración,[19] y reiteró que el error en la descripción de la ubicación de la propiedad viola el debido proceso de ley e invalida el proceso de subasta celebrado.

El **12 de julio de 2023**,[20] el TPI determinó *No Ha Lugar* a la reconsideración sometida.

El **4 de agosto de 2023**, el señor Vega Castillo recurrió ante nos y señaló que el TPI cometió los siguientes errores:

> *EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DENEGAR LA NULIDAD DE SUBASTA QUE PROCEDÍA ANTE AVISO DE VENTA Y EDICTOS NULOS POR DESCRIBIR UNA PROPIEDAD DISTINTA A LA PROPIEDAD OBJETO DEL PLEITO DE EPÍGRAFE.*
>
> *TANTO EL AVISO DE VENTA JUDICIAL COMO EDICTOS DESCRIBIERON UNA PROPIEDAD DISTINTA A LA PROPIEDAD OBJETO DEL PLEITO PERTENECIENTE A UN TERCERO AJENO AL PLEITO. ENTRE AMBAS PROPIEDADES EXISTE UNA DISTANCIA DE 1.13 MILLAS. [sic].*

**-II-**

El auto de *certiorari* es un vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor rango revisar las determinaciones de un tribunal inferior.[21] En ese sentido, se entiende que la discreción es el poder que se tiene para decidir en una forma u otra; lo que permite, escoger entre uno o varios cursos de acción.[22]

En ese ámbito discrecional, la Regla 52.1 de Procedimiento Civil delimita las instancias en que habremos de atender y revisar las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal*

---

[19] Apéndice 18 del recurso del Peticionario, págs. 99 – 108.
[20] Notificada el 13 de julio de 2023.
[21] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al*, 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[22] *García v. Asociación*, 165 DPR 311, 321 (2005).

*de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[23]

Además, en el ejercicio de nuestra facultad discrecional que nos ha sido delegada para entender o no en los méritos de un *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, establece los siguientes criterios:

*El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [24]

Sabido es que la discrecionalidad que poseemos nos faculta para expedir o denegar el auto de *certiorari*:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[25]

De manera que, si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales

---

[23] Regla 52.1 de las *Reglas de Procedimiento Civil* 2009, 32 LPRA Ap. V., R. 52.1.
[24] Regla 40 del *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R.40.
[25] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[26]

**-III-**

En el presente recurso *certiorari*, el señor Castillo Vega indicó que el TPI erró al denegar la nulidad de la subasta ante un aviso de subasta y edicto nulo, ya que la descripción de la propiedad era distinta a la propiedad objeto del pleito.

Conforme el derecho aplicable, resolvemos que este caso no presenta ninguna de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita expedir el auto solicitado. Tampoco encontramos justificación alguna para intervenir con la resolución recurrida, a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra.*

Nada en el expediente sugiere que el TPI haya abusado su discreción o actuó con pasión, prejuicio, parcialidad o error manifiesto, por lo que resolvemos denegar la expedición del auto de *certiorari.*

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el presente recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).