Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LUISA GUIJARRO MIERES<br><br>Recurrido<br><br>v.<br><br>BALDWIN SCHOOL OF PUERTO RICO, INC. Y OTROS<br><br>Recurrente | KLCE202301322 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Daños y perjuicios<br><br>Caso Núm.:<br>BY2022CV04215 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Baldwin School of Puerto Rico, Inc., comparece ante nos para que revisemos la *Resolución* emitida y notificada el 11 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"), en la que se declaró *No Ha Lugar* la solicitud de desestimación sometida por el colegio. Además, le fue declarada *No Ha Lugar* una moción de reconsideración.[1]

Evaluados los escritos de las partes comparecientes, **denegamos** la expedición del auto de *certiorari*.

**-I-**

El **19 de agosto de 2022** la señora *Luisa Guijarro Mieres* ("señora Guijarro Mieres o recurrida") instó una *Demanda* por daños y perjuicios contra el colegio Baldwin School of Puerto Rico, Inc., ("Baldwin, colegio o peticionaria").[2] En síntesis, alegó que el 19 de agosto de 2021, el señor Jorge García Ferreira ("García Ferreira")

---

[1] Notificada el 26 de octubre de 2023.
[2] Apéndice 6 de la *Petición de Certiorari*, págs. 18 – 21.

Número Identificador
RES2024 _____

acudió a la institución educativa con una orden del TPI que le permitía recoger a su hija, la menor MGG.[3] El Director de la institución le entregó la niña al señor García Ferreira, lo que provocó una batalla legal por la custodia de la menor. La señora Guijarro Mieres le reclamó al colegio daños y perjuicios, por $500,000.

Por su parte, el **5 de diciembre de 2022**, Baldwin contestó la demanda y negó las alegaciones de la parte contraria.[4] Como defensa, planteó que al momento en que ocurrieron los hechos, existían varios procesos judiciales, incluyendo órdenes contra la recurrida. En adición, señaló que el TPI no tenía jurisdicción para atender el caso, dado que las partes habían suscrito un acuerdo de arbitraje aplicable a atender dichos asuntos.

El **13 de junio de 2023** Baldwin presentó una *Moción de Desestimación,*[5] en la que adujo que las partes habían pactado un procedimiento alterno para la solución de disputa, por lo que solicitó la desestimación de la demanda. En oposición, la señora Guijarro Mieres compareció el **5 de julio de 2023**,[6] y arguyó que no había consentido el arbitraje.

Varios trámites procesales después, el TPI emitió una *Resolución* el **11 de septiembre de 2023**,[7] en la que denegó la solicitud de desestimación. En lo pertinente, expresó lo siguiente:

> *[r]esulta improcedente la solicitud de desestimación instada por Baldwin ya que el tribunal posee jurisdicción sobre la materia debido a que el contrato con la cláusula de arbitraje en cuestión no regula situaciones como las descritas en la demanda instada por la señora Guijarro por lo que dicho contrato es inaplicable al presente caso.*[8]

No conforme, el **26 de septiembre de 2023** Baldwin School solicitó reconsideración.[9] En cumplimiento de orden, el **18 de**

---

[3] Surge de los *autos* que, la hija del señor García Ferreira y la señora Guijarro Mieres es la menor MGG.
[4] Apéndice 7 de la *Petición de Certiorari*, págs. 22 – 26.
[5] Apéndice 8 de la *Petición de Certiorari*, págs. 27 – 33.
[6] Apéndice 9 de la *Petición de Certiorari*, págs. 34 – 41.
[7] Notificada el mismo día.; Apéndice 1 de la *Petición de Certiorari*, págs. 1 – 7.
[8] Apéndice 1 de la *Petición de Certiorari*, pág. 1.
[9] Apéndice 2 de la *Petición de Certiorari*, págs. 8 – 11.

**octubre de 2023** la señora Guijarro Mieres replicó.[10] Evaluada la reconsideración y su réplica, el TPI declaró *No Ha Lugar* la reconsideración instada el colegio.[11]

Inconforme, el **27 de noviembre de 2023** Baldwin School recurrió ante este foro apelativo y señaló la comisión del siguiente error:

> *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ASUMIR JURISDICCIÓN EN ESTE CASO Y AL NEGARSE A DESESTIMAR LA DEMANDA Y REFERIR EL ASUNTO AL FORO ARBITRAL CONSENTIDO ENTRE LAS PARTES[.]*

Por su parte, la *Sra. Luis Guijarro Mieres* compareció ante nos el **18 de diciembre de 2023** mediante el escrito *"OPOSICIÓN A PETICIÓN DE CERTIORARI"*.

**-II-**

El *certiorari* es un vehículo procesal que se distingue por ser discrecional. Ello le permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] En ese sentido, se define por discreción como el poder para decidir en una forma u otra; entiéndase, escoger entre uno o varios cursos de acción.[13]

La Regla 52.1 de Procedimiento Civil,[14] delimita las instancias en que revisaremos vía *certiorari* las resoluciones y órdenes emitidas por el TPI:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari*

---

[10] Apéndice 4 de la *Petición de Certiorari*, págs. 13 – 16.
[11] Apéndice 5 de la *Petición de Certiorari*, pág. 17.
[12] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al*, 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[13] *García v. Asociación*, 165 DPR 311, 321 (2005).
[14] 32 LPRA Ap. V., R. 52.1.

*en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*

Bajo el manto de discrecionalidad, la Regla 40 del Reglamento del Tribunal de Apelaciones establece los siguientes criterios a considerar para expedir un auto de certiorari o de una orden de mostrar causa:

**(A)** *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
**(B)** *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
**(C)** *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
**(D)** *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
**(E)** *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
**(F)** *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
**(G)** *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[15]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[16]

De manera, que si la actuación del TPI no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[17]

**-III-**

En síntesis, Baldwin School señala que el TPI incidió al asumir jurisdicción, y no referir el caso a arbitraje, pese a existir un acuerdo entre las partes para atender esos asuntos.

---

[15] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[16] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[17] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

De entrada, la Resolución recurrida constituye un claro ejercicio de discreción conferido a los foros de primera instancia y de su facultad de razonar y resolver las controversias, conforme a los hechos y las normas de derecho aplicable ante su consideración. Nótese, además, que su determinación es una razonable carente de pasión, prejuicio, parcialidad o error manifiesto.

Es decir, este caso no presenta ninguna de las circunstancias contempladas en la referida Regla 52.1 de Procedimiento Civil, ni de los criterios establecidos en la citada Regla 40 del Tribunal Apelaciones. Por tal razón, resolvemos denegar la expedición del *auto* de solicitado.

**-IV-**

Por lo antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones