Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS JOSÉ IRIZARRY ZAPATA<br><br>Peticionario | KLCE202400335 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre: Art. 6.08, Art. 6.22 Ley Armas Art. 5.07 Ley 22<br><br>Caso Núm.:<br>ISCR202200442<br>ISCR202200443 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos, el *Sr. Luis José Irizarry Zapata* (en adelante, "Irizarry Zapata o peticionario") solicita que revisemos la determinación emitida el 18 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "TPI"). En corte abierta, el aludido foro indicó que el peso de la prueba en la vista de supresión de evidencia le corresponde al peticionario.

Examinada la totalidad del expediente, ***denegamos*** la presente petición de *certiorari*. **Veamos.**

### -I-

De los autos ante nuestra consideración surge que, el **13 de enero de 2022** en horas del mediodía, el señor Irizarry Zapata conducía su vehículo Toyota Corolla del 2009 en compañía de su hijo de trece (13) años, por la Carretera Núm. 2 en Mayagüez.

---

[1] Notificada el 15 de marzo de 2024.

Mientras transitaba por la vía, el *Agente Herminio Sánchez Ramos* (en adelante, "Agte. Sánchez Ramos") detuvo al peticionario y a otro vehículo. Después de proceder contra el otro conductor, el Agte. Sánchez Ramos intervino con el peticionario, y posteriormente lo arrestó por infracción al Art. 5.07 de la Ley Núm. 22–2000.[2]

**Durante la detención,** el Agte. Sánchez Ramos alega que obtuvo unas admisiones incriminatorias del peticionario, lo que provocó, que **al siguiente día**, solicitara una *Orden de Registro y/o Allanamiento* contra el vehículo que conducía el peticionario.[3] Dicha orden se expidió y diligenció el **14 de enero de 2022**.[4] Durante el diligenciamiento, se ocupó un bulto color azul con un arma y dinero en efectivo.[5]

A tono con lo antes dicho, el *Ministerio Público* (en adelante, "MP") presentó tres (3) denuncias contra el señor Irizarry Zapata por violar los Arts. 6.08 y 6.22 de la Ley Núm. 168–2020,[6] e infringir el Art. 5.07 de la Ley Núm. 22–2000, *supra.* El TPI determinó causa para arresto en los tres (3) delitos imputados.[7] En cuanto a los dos delitos graves de la Ley de Armas, se encontró causa en vista preliminar, y por lo que, el MP sometió dos (2) acusaciones contra el peticionario.[8]

El **8 de septiembre de 2023**, el peticionario presentó una *Moción de Supresión de Evidencia,*[9] y el MP argumentó su posición.[10] El **18 de diciembre de 2023**, las partes comparecieron para la celebración de la vista de supresión de evidencia. Entre otras cosas, el TPI resolvió: *"que en el momento de que hayamos de reconvenir*

---

[2] Art. 5.07 de la Ley Núm. 22–2000 conocida como la *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5127.
[3] Apéndice de la *Petición de Certiorari*, a las págs. 31 – 34.
[4] Apéndice de la *Petición de Certiorari*, a las págs. 33 – 34, 35 – 36.
[5] *Id.*
[6] Arts. 6.08 y 6.22 de la Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, conocida como la *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 466g, 466u.
[7] Apéndice de la *Petición de Certiorari*, a las págs. 1 – 6.
[8] Apéndice de la *Petición de Certiorari*, a las págs. 7 – 10.
[9] Apéndice de la *Petición de Certiorari,* a las págs.  11 – 30.
[10] Apéndice de la *Petición de Certiorari,* a las págs. 37 – 45.

*para atender la vista de supresión de evidencia, el peso de la prueba corresponde a la defensa en virtud de lo planteado"*,[11] y pautó para el 16 de enero de 2024 la celebración de la referida vista de supresión.

De esta determinación en corte abierta, y luego de varios trámites,[12] el señor Irizarry Zapata recurrió ante nos el **21 de marzo de 2024**, mediante la presente petición de *certiorari*, y señaló el siguiente error:

> *El TPI cometió error al resolver que en la moción de supresión de evidencia que presentó el peticionario, donde éste fue arrestado sin orden judicial, pero mientras estaba arrestado, la Policía consiguió una orden de registro, mediante la cual se registró el vehículo en que éste viajaba al momento de su arresto, el peso de la prueba le correspondía a éste y no al Pueblo.*

**-II-**

**-A-**

El auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[13] En ese sentido, se entiende por discreción el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[14]

Con el objetivo de que podamos ejercer de una manera sabia y prudente la facultad discrecional que ha sido delegada a este Tribunal de entender o no en los méritos del asunto esbozado en este recurso, nuestros oficios se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones.[15]

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

---

[11] Apéndice de la *Petición de Certiorari*, a la pág. 87.
[12] El **9 de enero de 2024**, el peticionario recurrió ante este foro mediante el recurso *KLCE202400032*. Sin embargo, el mismo fue desestimado el **8 de marzo de 2024** por ser uno prematuro, ya que no contaba con la debida notificación como resolución. Véase; Apéndice de la *Petición de Certiorari*, a las págs. 58 – 64.
[13] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).; *IG Builders et al. V. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[14] *García v. Asociación*, 165 DPR 311, 321 (2005).
[15] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
B. *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
C. *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
D. *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
G. *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[16]

Por lo que, al tener discreción judicial el foro apelativo, este tiene la reserva para expedir o denegar el auto. El Tribunal Supremo ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[17]

**-III-**

En síntesis, el señor Irizarry Zapata alega que el foro recurrido incidió al determinar que le corresponde el peso de la prueba en la vista de supresión de evidencia que eventualmente será celebrada.

El caso de autos no presenta ninguna de las circunstancias contempladas ni criterios establecidos en la Regla 40 del citado Reglamento del Tribunal de Apelaciones. Nada en el expediente sugiere que el TPI haya abusado su discreción o actuó con pasión, prejuicio, parcialidad o error manifiesto, por lo que resolvemos no intervenir y denegar la expedición del auto de *certiorari*.

---

[16] *Id.*
[17] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la presente petición de *certiorari*.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones