ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DARLA NATALIE DELGADO PAMIAS<br><br>Peticionaria<br><br>v.<br><br>ESTEBAN MIGUEL HERNÁNDEZ REYES<br><br>Recurrido | KLCE202400546 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>CIVIL Núm.: AR2022RF00196<br><br>Sobre: Admisibilidad Perito |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Este recurso de Certiorari se presentó junto a una Moción Urgente Para Que se Autorice Transcripción, presentadas por la parte peticionaria, señora Delgado Pamías, el pasado 20 de mayo de 2024 y este Tribunal autorizó a dicha parte peticionaria la Reproducción de la Prueba Oral mediante transcripción de esta por transcriptor privado autorizado mediante Resolución del pasado 23 de mayo de 2024.

La Resolución que da a lugar el Recurso que nos ocupa surge como consecuencia de la petición que hace el recurrido al Tribunal de Primera Instancia, Sala de Arecibo (TPI) de que se le brinde la custodia compartida de la hija menor de ambos, pues la peticionaria tiene la custodia monoparental.

Producto de esa solicitud del recurrido, una Jueza del TPI ordenó a la Unidad Social de dicho TPI que realizara un estudio sobre la posibilidad de custodia compartida que solicita el recurrido. Dicho estudio se le asignó al Trabajador Social Víctor

Número Identificador

RES2024 _____

Rivera Morales. Este rindió su informe el 12 de diciembre de 2022. Tras varios trámites procesales

Luego de presentado este recurso, la parte peticionaria presentó Moción Solicitud Urgente De Remedio en Auxilio de Jurisdicción, la que se decretó No Ha Lugar.

Con respecto a la solicitud de transcripción de la prueba oral, la parte peticionaria solicitó prórroga para presentarla y se decretó conceder a la parte peticionaria hasta el 29 de julio de 2024, para presentar dicha transcripción, **debidamente estipulada** con la parte recurrida. Presentada la transcripción estipulada, la peticionaria presentó su alegato suplementario.

La parte peticionaria presentó la transcripción estipulada y presentó su alegato suplementario. La parte recurrida presentó, conforme ordenado, su oposición al recurso y el caso quedó perfeccionado para ser resuelto.

Por los fundamentos que pasamos a exponer, se deniega la expedición del auto de *Certiorari* solicitado por la señora Delgado Pamías.

## I.

Producto de la unión en matrimonio de las partes en este caso nació el 10 de enero de 2013 la niña Elena Hernández Delgado, la que al presente tiene 11 años. Sus padres se divorciaron en 2022.

La peticionaria obtuvo la custodia monoparental provisional de la menor mediante la Sentencia de Divorcio de las partes. Ello fue así debido a que al momento del divorcio de las partes estaba vigente una Orden de Protección a favor de la peticionaria, por hechos de violencia doméstica contra esta, cometidos por el recurrido. Luego de ello cesó toda comunicación entre las partes.

Tras la expiración de la Orden de protección, que se extendió por cinco meses, el Recurrido solicitó una Custodia Compartida de la menor y el TPI ordenó a la Unidad Social prepara un Informe Social sobre dicha solicitud de custodia compartida.

Luego de múltiples trámites procesales, el 26 de enero de 2024 el TPI emitió una Orden de Señalamiento presencial. Así el TPI celebra vista el 18 de abril de 2024 en la que escucha el testimonio del Sr. Víctor Rivera Morales en torno a sus capacidades para testificar como perito de Trabajo Social, o sea, que se limitó a una vista para evaluar si podía ser perito en el caso. La transcripción de ese testimonio fue estipulada por ambas partes y forma parte de los autos de este caso.

El mismo día 18 de abril pasado, al concluir la vista celebrada, el TPI emite Resolución en la que concluye que el Trabajador Social Víctor Rivera Morales, con alrededor de 27 años de experiencia en el campo de Trabajo Social y con bachillerato y Maestría en Trabajo Social de la Universidad de Puerto Rico cualifica como perito y es autorizado a testificar como testigo pericial en el caso de autos a tenor con la Regla 703 de las Reglas de Evidencia de Puerto Rico, Ley 46-2009. Contra esa resolución es que se recurre a este Tribunal de Apelaciones.

El 22 de abril de 2024 la peticionaria presenta al TPI una Moción Urgente para presentar Prueba de Impugnación Utilizada en la Vista de Custodia.

El 20 de mayo de 2024 se presenta el Recurso de Certiorari que aquí atendemos y se reclama como error:

> Abusó Crasamente de Su Discreción el TPI al Calificar como Perito Al trabajador Social de la Unidad Social del Tribunal A Pesar de Que Al Momento de Intervenir En El Caso Ejercía Ilegalmente la Profesión, Según El Mismo Admitiera, Y No Contaba Con su Educación Continuada Validada, Adicional a Otros Criterios Que Impedían su Calificación Conforme Al Ordenamiento Evidenciario.

El 29 de julio de 2024 se presentó transcripción estipulada de la prueba oral vertida ante el TPI sobre esta controversia. El 19 de agosto de 2024, a la parte apelante le vencía su alegato suplementario y no lo presentó y aunque habíamos concedido un término a la parte recurrida para presentar su Alegato en Oposición, al evaluar la totalidad del caso lo eximimos de comparecer. Evaluadas las comparecencias de ambas partes, disponemos.

## II.

### A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la

actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).  De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000).

Es norma reiterada en nuestro ordenamiento jurídico que, en ausencia de un craso abuso de discreción o arbitrariedad por parte del TPI, los tribunales apelativos no intervendrán con sus determinaciones interlocutorias discrecionales procesales. *García v. Asociación*, 165 DPR 311, 322 (2005).

**B.**

La Regla 702 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 702 dispone en lo pertinente que "[c]uando conocimiento científico, técnico o especializado sea de ayuda para la juzgadora o el juzgador poder entender la prueba o determinar un hecho en controversia, una persona testigo capacitada como perita, conforme a la Regla 703, podrá testificar en forma de opiniones o de otra manera".

Así pues, la Regla 703(A), de las Reglas de Evidencia. 32 LPRA Ap. VI, R. 703(A) dispone expresamente que "[t]oda

persona está calificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficiente para calificarla como experta o perita en el asunto sobre el cual habrá de prestar testimonio. Si hubiere objeción de parte, dicho especial conocimiento, destreza, adiestramiento o instrucción, deberá ser probado antes de que la persona testigo pueda declarar como perita. El inciso (B) de la Regla 503, *supra*, provee para que "[e]l especial conocimiento, destreza, experiencia, adiestramiento o instrucción de una persona que es testigo pericial, podrá ser probado por cualquier evidencia admisible, incluyendo su propio testimonio". 32 LPRA Ap. VI, R. 503(B)

El perito es la persona entendida, el individuo competente, idóneo, por tener determinadas aptitudes y conocimientos, por poseer una adecuada capacidad." *S.L.G*. *Font de Bardón v. Mini-Warehouse*, 179 DPR 322 (2010). Si el juez concluye que el testigo no tiene las cualidades requeridas para declarar como perito con relación a la materia que se está investigando, puede excusarlo. *S.L.G*. *Font de Bardón v. Mini-Warehouse,* supra a la pág.343*;* Del Toro v. La Corte Municipal, 16 DPR 93,96 (1910).

En nuestra jurisdicción, rige una norma de liberalidad en cuanto a la admisibilidad del testimonio pericial. *Dye-Tex P.R., Inc. v. Royal Ins. Co. P.R.,* 150 DPR 658 (2000). El criterio medular en la calificación de un perito es su conocimiento especializado, el cual puede derivarse de su educación formal en determinada materia, así como, también, de su vasta experiencia en el campo pertinente al asunto en cuestión. De este modo, "no es necesario poseer una licencia para practicar una profesión o tener preparación académica formal para cualificar como perito". *Dye-Tex P.R., Inc. v. Royal Ins. Co. P.R., supra,* a la pág.

663, citando a E. L. Chiesa, *Tratado de Derecho Probatorio*, Tomo 1, Publicaciones J.T.S a la pág. 563 (1998); Louisell & Mueller, *Federal Evidence*, Vol. 3, L.C.P.-B.W., sec. 381 (1979); Weinstein & Berger, *Weinstein´s Federal Evidence*, Vol. 4, 2da edición, Matthew Bender, sec. 702.06 4 (1999).

La mayor o menor competencia del perito no es factor determinante en su cualificación. *Dye-Tex P.R., Inc. v. Royal Ins. Co. P.R., supra.* La participación de un testigo perito en el trámite de un proceso judicial, tiene el propósito de asistir e ilustrar al juzgador sobre aquella materia acerca de la cual ha de prestar su opinión. *Font de Bardón v. Mini-Warehouse Corporation*, *supra*. Un testigo perito resulta necesario para la correcta adjudicación de un asunto cuando éste involucra cuestiones altamente técnicas. Es precisamente esto lo que justifica que nuestro ordenamiento jurídico admita la declaración de un perito. *Dye-Tex P.R., Inc. v. Royal Ins. Co. P.R.*, *supra.*

A través de su educación o experiencia, el perito ha desarrollado un conocimiento o destreza sobre una materia, por lo cual puede formar una opinión que sirva de ayuda al juzgador de hechos. SLG v. Mini-Warehouse, 179 DPR 322, 338 (2010). El valor probatorio del testimonio pericial dependerá de varios factores, a saber: (1) si el testimonio está basado en hechos o información suficiente; (2) si el testimonio es producto de principios y métodos confiables; (3) si la persona aplicó los principios y métodos de manera confiable a los hechos del caso; (4) si el principio subyacente al testimonio ha sido aceptado generalmente en la comunidad científica; (5) las calificaciones o credenciales de la persona testigo, y (6) la parcialidad de la persona testigo. Regla 702 de Evidencia, 32 LPRA Ap. VI, R. 702.

Es sabido que los foros apelativos debemos deferencia a la apreciación de la prueba realizada por las primeras instancias judiciales. McConnell v. Palau, 161 DPR 734, 750 (2004). Un axioma firme de nuestro ordenamiento establece que los tribunales revisores no debemos intervenir con la apreciación de la prueba desfilada, las determinaciones de hechos y las adjudicaciones de credibilidad que haga el foro de instancia, salvo que haya indicios de pasión, prejuicio, parcialidad o error en la apreciación de la prueba. Dávila Nieves v. Meléndez Marín, 187 DPR 750, 753 (2013); Rodríguez et al. v. Hospital et al., 186 DPR 889, 908-909 (2012); Serrano Muñoz v. Auxilio Mutuo, 171 DPR 717, 741 (2007); Suárez Cáceres v. Com. Estatal Elecciones, 176 DPR 31, 65 (2009); Álvarez v. Rivera, 165 DPR 1, 25 (2005).

## III.

Visto el trámite de este caso y los señalamientos de errores alegados por la peticionaria, consideramos prudente abstenernos de intervenir. A la luz de la Regla 40 de nuestro Reglamento, no existe situación excepcional por la cual debamos expedir el auto solicitado. Tampoco atisbamos abuso de discreción de parte del Tribunal de Primera Instancia al resolver el planteamiento sobre el testigo pericial.

## IV.

Por los fundamentos que anteceden, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones