ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DARLA NATALIE DELGADO PAMIAS<br><br>Peticionaria<br><br>v.<br><br>ESTEBAN MIGUEL HERNÁNDEZ REYES<br><br>Recurrido | KLAN202400792 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: AR2022RF00196<br><br>Sobre: Cambio de Escuela |
|---|---|---|

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Este recurso se presenta como Apelación, pero se evalúa como Certiorari (se mantiene el mismo alfanumérico) pues ese era el trámite correcto, al recurrir de una Resolución provisional y se presentó en la mañana del 28 de agosto de 2024. Además, en la tarde del 29 de agosto de 2024, se presenta dentro de este recurso, una Solicitud Urgente De Remedio en Auxilio de Jurisdicción, también presentada por la parte peticionaria señora Delgado Pamías, y este Tribunal luego de evaluar esta última, la declara No Ha Lugar.

Además, la peticionaria presentó. Juntamente con la presentación del Recurso, una Moción Urgente para que se autorice Transcripción y por las razones que expondremos mas adelante, la declaramos No Ha Lugar.

La Resolución que da a lugar el Recurso que nos ocupa, que también presenta la señora Delgado Pamías, surge como consecuencia de la petición que hace la peticionaria al Tribunal de

Primera Instancia, Sala de Arecibo (TPI) de que se matricule a la hija de esta y del recurrido, en una Escuela distinta a la que el TPI, luego de una vista evidenciaria, determinó provisionalmente, ordenar matricular la misma, que es a su vez la misma a la que asistió la niña el pasado año académico. La peticionaria tiene la custodia monoparental de la niña.

Producto de esa solicitud de la peticionaria, una Jueza del TPI ordenó la celebración de una vista evidenciaria que comenzó en sus méritos el pasado 27 de febrero de 2024. Tras varios trámites procesales y la culminación de dichas vistas, el TPI emite Resolución y contra ella se recurre.

Por los fundamentos que pasamos a exponer, se deniega la expedición del auto de *Certiorari* solicitado por la señora Delgado Pamías.

## I.

Producto de la unión en matrimonio de las partes en este caso nació el 10 de enero de 2013 la niña Elena Hernández Delgado, la que al presente tiene 11 años. Sus padres se divorciaron en 2022.

La peticionaria obtuvo la custodia monoparental provisional de la menor mediante la Sentencia de Divorcio de las partes. Ello fue así debido a que al momento del divorcio de las partes estaba vigente una Orden de Protección a favor de la peticionaria, por hechos de violencia doméstica contra esta, cometidos por el recurrido. Luego de ello cesó toda comunicación entre las partes.

Tras la expiración de la Orden de protección, que se extendió por cinco meses, el Recurrido solicitó una Custodia Compartida de la menor y el TPI ordenó a la Unidad Social prepara un Informe Social sobre dicha solicitud de custodia compartida.

Ese asunto provocó un Recurso de Certiorari a este foro, presentado también por la parte aquí peticionaria, señora Delgado Pamías, el pasado 20 de mayo de 2024 el cual fue resuelto mediante Resolución emitida el pasado 29 de agosto de 2024.

Luego de múltiples trámites procesales, el 18 de enero de 2024 la peticionaria solicita autorización al TPI para cambia la niña de escuela comenzando en este semestre académico que ya comenzó. El mismo 18 de enero de 2024, registrada para notificar el 19 de enero de 2024, el TPI emitió una Orden al aquí recurrido para que expresara su posición en torno a dicha solicitud. El recurrido comparece al TPI el 26 de enero de 2024 y se opone al cambio de escuela. El TPI emite Orden el 31 de enero de 2024 y hace un Señalamiento para vista evidenciaria a celebrarse el 27 de febrero de 2024. Así el TPI celebra dicha vista según pautada y escucha varios testimonios de profesionales citados como testigos de la aquí peticionaria. En la vista fue admitido en evidencia por estipulación de las partes el Informe Confidencial de Evaluación Psicoeducativa de 26 de junio de 2023 del Centro de Psicoterapia de la Lcda. Sharleen Vázquez Arocho.[1]

La niña no es evaluada por el Departamento de Educación hasta un referido que se le hace el 24 de enero de 2024 a otra psicóloga. Dicha evaluación se realiza el 26 de enero de 2024 por la psicóloga Namyr C. Hormedo Robles de Lsinnovative Education Center, Inc. Esta preparó un Informe que fue admitido en evidencia por estipulación de las partes en la vista de 27 de febrero de 2024. Además, testificó en la vista del 27 de febrero de 2024, la Psicóloga Hormedo que preparó el informe antes mencionado y que que fue estipulado por las partes y admitido en

---

[1] Ver páginas 77-91 del Apéndice al recurso presentado en este caso.

evidencia por estipulación de las partes como antes indicamos.[2] El TPI recibió varios testigos en la vista del 27 de febrero pasado y surge de la minuta que el TPI señaló la continuación de los procedimientos para el 9 de abril de 2024. La abogada de la aquí peticionaria, el 8 de abril de 2024, solicitó por Moción, la transferencia de la continuación de la vista pautada para el día después, por una situación médica surgida de emergencia.

La vista se llamó y se atendió la Moción presentada por la abogada de la aquí peticionaria, en presencia de la aquí peticionaria que asistió al Tribunal, sin su representación profesional. La parte aquí recurrida también estaba presente, pero representado por su abogada.[3] Luego de varios trámites entre las partes, se transfiere la vista para continuar el 22 de julio de 2024, a las 9:30 am, sin que se hubiera resuelto entre las partes la matricula de la escuela en que se ubicaría a la menor. El Tribunal aclara que la resolución que se emita sobre esa controversia tendrá efecto después del 22 de julio de 2024 y que sería mejor que las partes se pongan de acuerdo.

El aquí recurrido, reclamando que, como medida preventiva, pagó la mitad de la Matrícula en el Hogar Colegio La Milagrosa, donde dejó matriculada la menor. Ello lo notificó el padre de la menor al TPI por Moción de su abogado presentada el mismo 9 de abril de 2024. Al otro día 10 de abril de 2024, la aquí peticionaria se opuso a dicho proceder del recurrido por Moción presentada por su abogada dicho 10 de abril. Sobre ello se toma conocimiento por el TPI mediante Orden del 16 de abril de 2024.[4]

---

[2] Ver páginas 28-50 del Apéndice al recurso presentado en este caso.
[3] Ver páginas 95-96 del Apéndice al recurso presentado en este caso.
[4] Ver página 106 del Apéndice al recurso presentado en este caso.

El 22 de julio de 2024 se celebró la vista según pautada y ello surge de una Minuta.[5]

El 23 de agosto las partes presentaron moción conjunta e informaron no haber llegado a ningún acuerdo.

El 26 de agosto de 2024 el TPI notifica la Resolución provisional de la que se recurre y ordena que la menor se mantenga asistiendo a la misma escuela que asistió el año académico anterior, o sea, el Colegio La Milagrosa e indica que la decisión que tome de forma permanente será efectiva para el año académico 2025-2026.

Contra esa resolución provisional del 26 de agosto de 2025 es que se recurre a este Tribunal de Apelaciones.

El 28 de agosto de 2024 se presenta el Recurso de Certiorari que aquí atendemos y se reclama como error:

> Erró el TPI al Mantener A la menor en una Escuela que admite que no puede ofrecer la Ayuda individualizada que Necesita ante sus Problemas de Aprendizaje y sin hacer una determinación sobre el Mejor Bienestar de la Menor, violando el Derecho a un Debido Proceso de ley al No Basar su Decisión en Prueba Alguna.

Evaluados los autos, disponemos.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

---

[5] Ver páginas 107-110 del Apéndice al recurso presentado en este caso.

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra

situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal

apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000).

Es norma reiterada en nuestro ordenamiento jurídico que, en ausencia de un craso abuso de discreción o arbitrariedad por parte del TPI, los tribunales apelativos no intervendrán con sus

determinaciones interlocutorias discrecionales procesales. *García v. Asociación*, 165 DPR 311, 322 (2005).

**B.**

La patria potestad es el conjunto de derechos y deberes que corresponde a los padres sobre la persona y el patrimonio de cada uno de sus hijos no emancipados como medio de realizar la función natural que les incumbe de protegerlos y educarlos.[6] A esos efectos, el tribunal investigará si los padres poseen la capacidad, disponibilidad y firme propósito de asumir la responsabilidad de criar los hijos conjuntamente.[7] A su vez, ello implica superar desavenencias personales, y por imperativo, sostener adecuada comunicación para adoptar aquellas decisiones conjuntas que redunden en beneficio y los mejores intereses del menor.[8]

El Código Civil vigente en Puerto Rico dispone que la patria potestad sobre los hijos no emancipados corresponde a ambos padres conjuntamente.[9] La patria potestad conlleva unas facultades y deberes de los padres, entre ellas el de educar a sus hijos.[10] Dicha obligación debe ser ejercida responsablemente, velando bienestar y los mejores intereses del menor.[11]

El Tribunal Supremo ha resuelto en reiteradas ocasiones que, aun cuando los derechos de un progenitor sobre sus hijos poseen un gran arraigo en el campo del derecho de relaciones de familia, estos ceden ante la facultad de *parens patriae* de la cual está investido el Estado de cumplir con su obligación de

---

[6] *Ex parte Torres*, 118 DPR 469, 473 (1987).
[7] *Id.*, 482.
[8] *Id*.
[9] CÓD. CIV. PR art. 593, 31 LPRA § 7552.
[10] CÓD. CIV. PR art. 589, 31 LPRA § 7241.
[11] CÓD. CIV. PR art. 590, 31 LPRA § 7242.

salvaguardar y proteger el bienestar del menor.[12] La función de *parens patriae* del Estado es aquella por la cual asume y ejerce en cumplimiento de su deber de brindar protección a los sectores más débiles de la sociedad.[13] En la eventualidad de que un tribunal perciba un conflicto entre intereses ajenos y el mejor interés de un menor, se debe resolver a favor de este último.[14] A luz de lo anterior, el tribunal tiene la potestad de ordenar las investigaciones de índole social que entienda procedentes.[15] A tales efectos, las unidades sociales de relaciones de familia y asuntos de menores tienen como función principal ofrecer al juzgador asesoramiento social mediante evaluaciones periciales que permitan tomar decisiones informadas en los casos ante su consideración.[16] Además, puede, al amparo de tal facultad, ordenar que los menores involucrados se sometan a evaluaciones sicológicas o siquiátricas cuando las circunstancias lo ameriten.[17]

## C.

Las decisiones discrecionales que toma el TPI no serán revocadas a menos que se demuestre que ese foro abusó de su discreción.[18] Es decir, no se intervendrá con la apreciación que de la prueba desfilada haya hecho el foro inferior en ausencia de pasión, prejuicio, parcialidad o error manifiesto.[19] Un tribunal de justicia incurre en un abuso de discreción: (i) cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado

---

[12] *Muñoz Sánchez v. Báez de Jesús,* 195 DPR 645, 651 (2016). *Ortiz v. Meléndez*, 164 DPR 16 (2005). *Pena v. Pena,* 164 DPR 949, 959 (2005). *Pena v. Pena*, 152 DPR 820, 832–833 (2000).
[13] *Ortiz v. Meléndez*, 164 DPR 16, 27-28 (2005).
[14] *Ortiz v. Meléndez*, 164 DPR 16, 28 (2005).
[15] *Muñoz Sánchez v. Báez de Jesús,* 195 DPR 645, 652 (2016). *Pena v. Pena,* 164 DPR 949, 962 (2005). *Pena v. Pena*, 152 DPR 820, 832–833 (2000).
[16] *Muñoz Sánchez v. Báez de Jesús,* 195 DPR 645, 652 (2016).
[17] *Pena v. Pena,* 164 DPR 949, 962 (2005).
[18] *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, 434. *Pueblo v. Rivera Santiago*, *176 DPR 559, 580 (2009)*.
[19] *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 14 (1987).

por alto; (ii) cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o (iii) cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[20]

A su vez, es una norma bien establecida de nuestro sistema de justicia que la discreción judicial permea la evaluación de la evidencia presentada en los casos y controversias.[21] Como es sabido los jueces del TPI son quienes están en mejor posición de aquilatar la prueba testifical desfilada, ya que tienen la oportunidad de apreciar de cerca las alocuciones de los testigos, mientras observan sus gestos, contradicciones, dudas, manerismos y titubeos.[22] No obstante, una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de un tribunal revisor.[23] Quiérase decir que, en ausencia de los criterios que han sido mencionados, los tribunales revisores no debemos intervenir con las determinaciones y conclusiones derivadas de la apreciación de la prueba testifical.[24]

El Alto Foro ha determinado que un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.[25] A esos efectos, conviene destacar que, la intervención del foro apelativo con la prueba

---

[20] *Pueblo v. Rivera Santiago*, *Id*.
[21] *González Hernández v. González Hernández*, 181 DPR 746, 776 (2011).
[22] *Argüello v. Argüello,* 155 DPR 62, 78-79 (2001).
[23] *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 14 (1987).
[24] *S.L.G. Rodríguez v. Nationwide*, 156 DPR 614, 623 (2002).
[25] *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013).

desfilada tiene que estar basada en un análisis independiente y no a base de los hechos que exponen las partes.[26]

**III.**

Visto el trámite de este caso y el señalamiento de error alegado por la peticionaria, consideramos prudente abstenernos de intervenir.

Apuntamos que esta Curia tuvo la oportunidad de estudiar minuciosamente los autos ante nuestra consideración, incluyendo todos los documentos del expediente judicial ante el TPI que fueron incluidos en el apéndice. A la luz de la Regla 40 de nuestro Reglamento, no existe situación excepcional por la cual debamos expedir el auto solicitado.

Resulta menester destacar que al momento en que se presentó el recurso ante nos, se encuentra *sub judice* la adjudicación de la asignación permanente de la menor a una escuela, pues los padres no se pueden poner de acuerdo. El foro inferior solo ha tomado una decisión provisional y ha indicado que la decisión final será efectiva en el próximo año académico. Este no es el caso que nos permita intervenir con una decisión que el propio TPI anuncia como provisional.

Tampoco atisbamos abuso de discreción de parte del Tribunal de Primera Instancia al resolver el planteamiento de forma provisional, sobre la escuela que asistirá la menor en el año académico 2024-2025.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de certiorari.

---

[26] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 425 (2001).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones