ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ D. SANTIAGO TORRES<br><br>Apelante<br><br>v.<br><br>YAUCO HEALTHCARE CORPORATION Y OTROS<br><br>Apelados | KLAN202400813 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: SJ2019CV11673<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 17 de septiembre de 2024.

El señor José D. Santiago Torres, mediante recurso de Apelación, nos solicita que revisemos una Resolución que emitió el Tribunal de Primera Instancia, Sala de Ponce (TPI) el 22 de agosto de 2024. Mediante referida decisión el foro primario denegó la solicitud del señor José D. Santiago Torres de que se le asignara representación legal de oficio, por carecer de bienes y fortuna para sufragar una contratación privada.

Acogemos el recurso incoado como uno de *certiorari* por tratarse de la revisión de una orden interlocutoria manteniendo la identificación alfanumérica que asignó la Secretaría de este Tribunal de Apelaciones.

Anteriormente atendimos un recurso sobre el tema de la autorrepresentación que había solicitado el aquí apelante y denegó el TPI y ya nos expresamos sobre esa actuación del TPI en dicho

asunto en la Resolución del 10 de mayo de 2024 que ya advino final y firme[1]. Ahora atendemos otro asunto, relacionado.

Por los fundamentos que exponemos a continuación expedimos el Auto de Certiorari y revocamos la Resolución contra la que se recurre.

## I.

Procedemos a reseñar el tracto procesal según narrado en el recurso que atendemos, los documentos unidos al recurso y el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B.

El 7 de noviembre de 2019 el Sr. Santiago Torres presentó una Demanda en daños y perjuicios, por derecho propio, contra la Aseguradora de Responsabilidad Pública de Yauco Healthcare Corporation, Yauco Healthcare Corporation, el Hospital de Damas de Ponce y otros.[2]

En su recurso alegó que se le aplicó una Ley 408 (Ley de Salud Mental de Puerto Rico de 2 de octubre de 2000, 24 LPRA secs. 6152 et seq.), conduciéndolo primero por días a un hospital no psiquiátrico (Damas) y varios días después a otro psiquiátrico. Mencionó que en ese proceso fue inyectado involuntariamente, sedado y abusado, sufriendo laceraciones. Luego de ahí fue transferido al Hospital Metropolitano, donde fue mantenido luego de haber expirado las primeras 24 horas de la orden 408.

---

[1] Ver Resolución del 10 de mayo de 2024 en caso KLAN202400430, contra la cual se presentó Recurso denominado de Apelación ante el Tribunal Supremo de Puerto Rico, al que se le dio el número AC-2024-0040 y se atendió como solicitud de Certiorari y se denegó y ya advino final y firme dicha Resolución antes mencionada.

[2] El Sr. Santiago Torres no incluyó como parte del apéndice la copia de la demanda incoada, pero tomamos conocimiento judicial del apéndice de otros casos ante este panel relacionados a otros reclamos de este.

Luego de otros trámites procesales, el 7 de abril de 2024, notificada el 9 de abril, el foro primario emitió una Resolución en la cual decretó lo siguiente:

> La parte demandante ha demostrado ciertas dificultades en el manejo de caso por derecho propio, que cuestionan que pueda representarse de manera decuada [sic]. En interés de salvaguardar sus derechos y conforme a la Regla 9.4 (c)(e) de las de Procedimiento Civil, se suspende la autorrepresentación a José Dioscoride Santiago Torres y se le ordena que contrate un abogado en un plaza [sic] de 30 días, para la continuación de los procedimientos.[3]

Entretanto, los días 9 de abril de 2023, el señor Santiago Torres, presentó un escrito dirigido a la Honorable Administradora del Centro Judicial de Ponce, para que se le expidan ciertos emplazamientos.[4] El señor Santiago Torres presentó de otros escritos dirigidos a la Juez Administradora del Centro Judicial de Ponce.[5] Luego de otros trámites procesales, el 22 de abril de 2024 el foro primario, al atender una *Moción de Reconsideración de Sentencia Parcial del 11 de abril de 2024*, dispuso que "la parte debe cumplir con la Regla 9.4 de Procedimiento Civil, se le ha ordenado que tiene que contratar un abogado para que continúen los procedimientos."[6]

En desacuerdo con la decisión emitida el 7 de abril de 2024, el 2 de mayo, el señor Santiago Torres presentó un recurso de apelación, al que también acogimos como un *Certiorari.* Allí señaló como único error que "*el Tribunal falta a la Constitución y al debido proceso de ley, privándolo de su derecho constitucional a la autorrepresentación, sin causa alguna*".

---

[3] Apéndice 1 del recurso en el caso KLAN202400430.
[4] Apéndice 7 del recurso en el caso KLAN202400430.
[5] Apéndices 8 y 9 del recurso en el caso KLAN202400430.
[6] Apéndice 10 del recurso en el caso KLAN202400430.

Tras evaluar aquel recurso, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B y denegamos la expedición de ese reclamo mediante la Resolución del 10 de mayo de 2024 en caso KLAN202400430, la que como ya indicamos, advino final y firme.

En este Recurso denominado de Apelación pero que atendemos como Certiorari, también plantea como error:

El Tribunal falta a la Constitución y al debido proceso de ley, negándose a atender las mociones de reconsideración y PRIVANDOLO DE SU DERECHO CONSTITUCIONAL A LA AUTOREPRESENTACIÖN, SIN CAUSA ALGUNA.

Por tratarse de un asunto solamente relacionado a la representación profesional del peticionario, prescindimos de solicitar ulteriores escritos.

Veamos el derecho aplicable.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la

discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Con el fin de que podamos ejercer de una manera sabia y

prudente nuestra facultad discrecional de entender o no en los

méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España

Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

Además de lo anterior, para ejercer nuestra función revisora, la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B gobierna el contenido de la solicitud de *Certiorari*. La Regla 34(C) (1) del Reglamento, dispone que todo recurso de *Certiorari* debe contener en el cuerpo lo siguiente:

> (a)-(c)…
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
> (g) […]

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo v. Rivera Toro, 173 DPR 137 (2008); Cárdenas Maxán v. Rodríguez, 119 DPR 642 (1987). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar Pool Construction, 159 DPR 714 (2003).

**B.**

El Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico se promulgó en virtud del poder inherente del Tribunal Supremo de Puerto Rico para reglamentar la profesión de la abogacía en Puerto Rico y establecer los procedimientos necesarios para facilitar la sana administración de la justicia. Véase Regla 1, Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 18 de octubre de 2018, ER-2018-04, según enmendado. Asimismo, dicho Reglamento se elaboró de conformidad con el deber ético-profesional impuesto por el Código de Ética Profesional, según puntualizado en *Ramos Acevedo v. Tribunal Superior*, 133 DPR 599 (1993) y *Pueblo v. Morales*, 150 DPR 123 (2000) y como corolario del principio constitucional de igualdad ante la ley establecido en el Art. II Sección 1 de la Constitución de Puerto Rico. Íd.

El propósito de este Reglamento es implementar un sistema para la administración uniforme de las asignaciones de oficio en

los procedimientos de naturaleza civil y penal aplicables, el cual fomentará el trabajo pro-bono y hará viable el cumplimiento de todo abogado y de toda abogada con su responsabilidad ética de ofrecer servicios legales libre de costo a personas indigentes. Véase Regla 2, Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.* Conforme a dicho propósito, la Regla 3 del aludido Reglamento establece lo siguiente:

> Quien ejerce la abogacía tiene la responsabilidad ética, al amparo del Código de Ética Profesional, de procurar que toda persona pueda contar con una representación legal adecuada y ofrecer servicios legales pro-bono a personas indigentes. **Como oficiales del tribunal, y a tono con esta obligación, los abogados y las abogadas aceptarán que el tribunal les asigne para representar de oficio a una persona indigente, salvo que demuestre justa causa al amparo de la Regla 9(b) de este Reglamento.** (Énfasis nuestro).

El tribunal, por su parte, deberá asegurarse de que el abogado y abogada designado, cumple con los criterios adecuados para asumir la representación profesional del reclamo del que se le asigna defender, durante todo el proceso. El Reglamento antes citado cubre el proceso de determinación de indigencia, requisito previo para que el TPI proceda con una asignación de abogado de oficio.

Toda persona que reclama indigencia debe ser evaluada por el Tribunal antes de hacer una determinación de si procede una designación o no. El propio reglamento en su Regla 8 detalla el procedimiento a seguir previo a una determinación de Indigencia. Véase Regla 1, Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 18 de octubre de 2018, ER-2018-04, según enmendado.

Previo a cualquier decisión sobre asignar o no un abogado de oficio, se tiene que hacer una determinación de indigencia o no del solicitante de que se le asigne un abogado de oficio.

**III.**

En otro de sus múltiples recursos ante este Tribunal de Apelaciones, el señor Santiago Torres señala que está inconforme con la decisión del foro primario del 22 de agosto de 2024, mediante la cual no se le aceptó por el TPI su solicitud de que se le asignara abogado de oficio, a pesar de que, en una resolución anterior del TPI, se le había correctamente ordenado contratar un abogado pues el Tribunal no entendía que estaba cualificado para auto representarse. En esta ocasión, en su solicitud, el expuso que su condición económica no le permitía pagar una representación legal privada y que Servicios Legales no le aceptaba llevar su reclamo.

En el señalamiento de error, el peticionario expresó y citamos:

El Tribunal falta a la Constitución y al debido proceso de ley, negándose a atender las mociones de reconsideración y PRIVANDOLO DE SU DERECHO CONSTITUCIONAL A LA AUTOREPRESENTACIÖN, SIN CAUSA ALGUNA.

No obstante, no realizó una discusión del error señalado, ni aludió a jurisprudencia para sustentar su alegación, según lo exige la Regla 34 (C) de nuestro Reglamento. Además de ello, el apéndice estaba incompleto, pues no incluyó la demanda, tampoco incluyó ciertas mociones a las que hizo referencia de cierto modo. Por lo cual, el recurso no está debidamente perfeccionado, pero no obstante ello, entendemos que para impartir adecuada justicia se debe evaluar con detenimiento la solicitud del peticionario para que se le asigne un abogado de oficio y ante ello procede expedir el auto de certiorari.

Antes de esta decisión, evaluamos acá la determinación del foro primario de suspender la autorrepresentación que ostentaba el señor Santiago Torres y ordenarle contratar un abogado para que lo represente en este reclamo. Sobre ello trata nuestra Resolución del 10 de mayo de 2024 y como ya indicamos, advino final y firme.

La decisión aquí recurrida versa sobre una interpretación del derecho a una adecuada representación profesional del reclamo de esta persona y una ausencia de adecuada representación podría conllevar un fracaso irremediable de la justicia y en estas circunstancias se nos permite por la Regla 52.1 de Procedimiento Civil, *supra,* intervenir de manera discrecional. También está presente que la expedición del auto podría evitar un fracaso de la justicia, conforme establece la Regla 40 del Reglamento del Tribunal de Apelaciones, lo que justifica variar la *Orden* recurrida. A su vez, el señor Santiago Torres, realiza esta petición luego de explicarle al Tribunal la precariedad de su condición económica e indicarle al Tribunal que en Servicios Legales no le aceptan representarlo en este reclamo. Por tanto, procede expedir el recurso y revocar la orden contra la que se recurre y además ordenar al TPI reevaluar la solicitud para la asignación de representación profesional de oficio y realizar, durante esa reevaluación, una determinación de si el peticionario es o no indigente como para sufragar los costos del reclamo civil que realiza y luego emitir una nueva determinación que contenga los hallazgos de esa reevaluación.

**IV**.

Por los fundamentos expuestos, se expide el recurso de *certiorari* y se deja sin efecto la resolución contra la que se recurre y se ordena además al TPI reevaluar la solicitud para la asignación

de representación profesional de oficio y realizar, durante esa reevaluación una determinación de si el peticionario es o no indigente como para sufragar un abogado que asuma la representación legal de este y lo auxilie en el reclamo civil que este realiza.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones