ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS ANÍBAL GOMES FERNANDES, ET ALS<br><br>Recurridos<br><br>v.<br><br>SERGIO DAVID GOMES FERNANDES<br><br>Peticionario | KLCE202401101 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Número: SJ2024CV01037<br><br>Sobre: Solicitud de Decreto de Nulidad; Acción Pauliana; Contrato Celebrado en Fraude de Acreedores, Solicitud de Indemnización, Contra Adquirente de Mala Fe |

Panel integrado por su presidente, el Juez Figueroa Cabán[1], el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Este recurso de certiorari, fue presentado por la parte peticionaria, Sergio David Gómes Fernándes (demandado en el Tribunal de Primera Instancia, Sala de San Juan, en adelante, TPI), el 11 de octubre de 2024. Mediante Resolución del 17 de octubre de 2024, este Tribunal le concedió término a la parte recurrida para presentar su posición y ha comparecido con Moción en Oposición a Expedición Auto Certiorari. Con la comparecencia de ambas partes se tiene el recurso por perfeccionado para su adjudicación final, lo que aquí hacemos.

Veamos el trámite procesal que nos ocupa.

---

[1] Mediante OATA-2024-113 se designó al Hon. Félix R. Figueroa Cabán, en sustitución de la Hon. Ivelisse Domínguez Irizarry, quien se inhibió motu proprio.

Número Identificador

RES2024 _____

**I.**

Este caso se origina en el TPI, el 1 de febrero de 2024, mediante la presentación de una demanda por los aquí recurridos.[2]

El 7 de mayo de 2024, la parte recurrida presentó Primera Demanda Enmendada. Allí se alegó que el aquí peticionario tomó varias sumas de dinero en carácter de préstamo que fueron evidenciadas en pagarés. El recurrido alegó, además, que el Tribunal Federal de los Estados Unidos para el Distrito de Puerto Rico resolvió en el caso civil núm. 18-01176 (DRD) que, ante los incumplimientos del peticionario para con los pagos que debía realizar, se habían acumulado deudas que estaban vencidas y eran líquidas y exigibles. Sobre dichas deudas, se argumentó que el peticionario pretendió negocios jurídicos con el fin de desviar haberes de su capital que deben responder para saldo de estas. Se indicó específicamente que, para defraudar a la parte recurrida, el peticionario procuró efectuar el "traspaso" de ciertas acciones.[3]

El 12 de julio de 2024, el peticionario presentó una *Moción de desestimación*. Mediante esta, planteó que procedía la desestimación de la alegación de la parte recurrida bajo el fundamento de cosa juzgada en su modalidad de impedimento colateral por sentencia. En apoyo de su pretensión, sostuvo que el reclamo de la parte recurrida había sido adjudicado en el foro federal en el caso civil núm. 21-1602 (CVR).[4]

En respuesta, el 6 de agosto de 2024, la parte recurrida presentó una Oposición a "*moción de desestimación*". En esencia,

---

[2] Ver Apéndice de la Petición de Certiorari, págs. 1-32.
[3] Ver Apéndice de la Petición de Certiorari, págs. 33-62.
[4] Ver Apéndice de la Petición de certiorari, págs. 63-95.

precisó que el peticionario perdía de perspectiva que el foro federal había desestimado sin perjuicio las acciones en su contra en el caso civil núm. 21-1602 (CVR). Precisó, además, que el peticionario aseveró de manera incorrecta y desacertada en su solicitud de desestimación que el tribunal federal había atendido en los méritos y/o adjudicado la controversia sobre la celebración de un negocio jurídico en fraude de acreedores.[5]

El 10 de septiembre de 2024, el foro de instancia emitió la *Resolución* aquí recurrida, la cual se notificó el 11 de septiembre de 2024. Específicamente, estableció lo siguiente:

> Tras un análisis de las alegaciones de las partes, presentadas a raíz de la moción de desestimación presentada por el Codemandado Sergio Gómez Fernández y en consideración con los documentos presentados y en especial atención al *Opinion and Order*, emitido en el caso civil no. 21-1602m el Tribunal dispone No Ha Lugar la solicitud de desestimación, puesto que todas las causas de acción fueron desestimadas sin perjuicio, excepto la presentada en contra de Sandy Feet.
>
> Se ordena la continuación de los procedimientos en el caso.[6]

Inconforme con la misma, la parte peticionaria presentó el pasado 11 de octubre de 2024, el recurso que aquí atendemos y reclama el siguiente error:

> ERRO EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, AL ENTENDERSE CON JURISDICCIÖN EN EL CASO CUANDO PROCEDE SU DESESTIMACION BAJO LA DOCTRINA DE IMPEDIMENTO COLATERAL POR SENTENCIA, POR SER COSA JUZGADA.

Veamos el derecho aplicable.

## II.

### A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

---

[5] Ver Apéndice de la Petición de certiorari pags. 96-102.
[6] Ver Apéndice de la Petición de certiorari pág. 1 (énfasis en el original).

las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821, 835 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 404 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. De Caguas v. JRO Construction, *supra*, pág. 709. En lo que nos atañe, esta Regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo

dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*.  <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 83, 97 (2008).  La referida Regla dispone lo siguiente:

A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311, 322 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729, 745 (1986); Valencia Ex Parte, 116 DPR 909, 913 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e

intereses. <u>Bco. Bilbao v. González Zayas</u>, 155 DPR 589, 594 (2001); <u>SLG Llorens v. Srio. De Justicia</u>, 152 DPR 2, 8 (2000).

Es norma reiterada en nuestro ordenamiento jurídico que, en ausencia de un craso abuso de discreción o arbitrariedad por parte del TPI, los tribunales apelativos no intervendrán con sus determinaciones interlocutorias discrecionales procesales. <u>García v. Asociación</u>, 165 DPR 311, 322 (2005).

**B.**

En nuestro ordenamiento de derecho la cosa juzgada se mantuvo en el Art. 1204 del Código Civil de 1930, (31 LPRA sec. 3343).[7] Dicha doctrina resulta valiosa y necesaria para la sana administración de la justicia, pues por un lado vela por el interés gubernamental de que se finalicen los pleitos, y por el otro, se interesa en no someter a los ciudadanos a las molestias de tener que litigar dos veces una misma causa. <u>Fonseca et al. v. Hosp. HIMA</u>, 184 DPR 281, 294 (2012). Sobre esto último, la doctrina se fundamenta en el interés general de evitar que una parte sufra, innecesariamente, las molestias que conlleva someterse a un procedimiento judicial adicional, particularmente debido a los costos adicionales que supone para las partes y el tribunal volver a litigar un asunto ya resuelto por otro foro. <u>Martínez v. E.L.A.</u>, 182 DPR 580, 587 (2011). Sin embargo, la aplicación de esta doctrina no procede de forma inflexible y automática cuando hacerlo derrotaría los fines de la justicia o las consideraciones de orden público. <u>Fonseca et al. v. Hosp. HIMA</u>, *supra*.

Aun estando presentes los componentes necesarios para que la doctrina de cosa juzgada surta efecto, la referida figura

---

[7] Derogado por Ley 55-2020 denominado Código Civil de 2020.  No obstante, nos referimos al Código Civil de 1930 que era el vigente a la fecha de los hechos que originaron la presente causa.

legal no es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso. Beníquez et al. v. Vargas 184 DPR 210, 224 (2012). "[L]a sentencia anterior es concluyente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron, pero no es concluyente en cuanto a aquellas materias que pudieron ser pero que no fueron litigadas y adjudicadas en la acción anterior." Beníquez et al. v. Vargas, supra, págs. 225-226.

Tampoco, la doctrina de cosa juzgada, se aplica de forma automática. S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 153 (2011). No se aplicará inflexiblemente cuando con ello se derroten "los fines de la justicia o las consideraciones de orden público. Ortiz Matías et al. v. Mora Development, 187 DPR 649, 655 (2013); Fonseca et al. v. Hosp. HIMA, supra.

En los casos en los cuales se presenta ante el TPI una sentencia federal final y firme, y se levanta la defensa de cosa juzgada, hay que examinar el fundamento invocado en el foro federal que sustentó la jurisdicción federal. De esta manera podemos determinar si aplica la doctrina de cosa juzgada estatal o la doctrina de la cosa juzgada federal. Presidential v. Transcaribe, 186 DPR 263, 278 (2012). Si el fundamento invocado por el demandante para sustentar la jurisdicción del Tribunal de Distrito Federal fue la diversidad de ciudadanía, el efecto de cosa juzgada que tendrá la decisión federal será determinado por las normas que el foro local aplica en sus dictámenes. Santiago León v. Mun. de San Juan, 177 DPR 43, 49-50 (2009). Cuando el fundamento invocado por el demandante para sustentar la jurisdicción del Tribunal de Distrito Federal es que el pleito incoado presenta una cuestión federal, el efecto de cosa juzgada que

tendrá la decisión federal será determinado por las normas pautadas por el Tribunal Supremo de los Estados Unidos. *Íd*.

En el ámbito federal, la sombrilla de *res judicata* agrupa las doctrinas de cosa juzgada (*claim preclusion*) e impedimento colateral (*issue preclusion*). El Tribunal Supremo de Estados Unidos ha definido la vertiente de *claim preclusion* o cosa juzgada de la doctrina de *res judicata*, como aquel impedimento que imposibilita litigar nuevamente una misma causa de acción ya resuelta, incluyendo cualquier otra acción o defensa que debió o pudo haber planteado en el pleito original y en el que ya recayó sentencia. Por otro lado, la vertiente de impedimento colateral de la doctrina de *res judicata* se refiere al impedimento de relitigar una cuestión de hecho o de derecho que ya se planteó y se resolvió en un pleito anterior, y cuya resolución fue medular o esencial al asunto resuelto en el pleito inicial. Martínez Díaz v. ELA*, supra*, págs. 585-586, citando a Taylor v. Sturgell, 553 U.S. 880,892 (2008).

La doctrina federal de cosa juzgada está cimentada sobre el interés en preservar la finalidad, efectividad y certidumbre de las sentencias. Tal doctrina federal no es una mera herramienta procesal heredada de tiempos técnico-procesales. Es una doctrina fundamental de justicia sustancial, de política pública y de paz privada que debe ser invocada y reforzada por los tribunales. Como norma general, la referida doctrina federal sostiene que toda sentencia final emitida por un Tribunal competente que adjudique los méritos de las reclamaciones presentadas, impide que las mismas partes relitiguen entre sí las mismas causas de acción ya adjudicadas. Para que la doctrina federal de cosa juzgada o *res judicata* pueda invocarse exitosamente tienen que concurrir los requisitos siguientes: (1) identidad de partes; (2)

identidad de causas de acción, y (3) una sentencia final adjudicando los méritos de las mismas controversias. Una vez concurren los referidos requisitos, si las causas de acción adjudicadas son reclamadas nuevamente, la sentencia emitida impide que se relitiguen, entre las mismas partes, las causas de acción adjudicadas o las que pudieron haberse adjudicado si se hubiesen reclamado. Santiago León v. Municipio de San Juan, supra, págs. 50-51.

En cuanto al requisito de identidad de causas de acción, este requisito es similar al concepto de causa o razón de pedir comprendido en nuestra doctrina de cosa juzgada. Poco importa si ambos pleitos se originan al amparo de leyes diferentes, pues el mismo derecho puede ser protegido por más de una disposición legal. Lo importante es que la causa o razón para reclamar de ambos pleitos surja de un núcleo común de hechos operacionales, que sea una repetición fáctica o que surja de una misma conducta, transacción u ocurrencia. Santiago León v. Municipio de San Juan, supra, págs. 51-52. Al determinar si existe identidad de causas de acción, debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos. Martínez Díaz v. ELA, *supra,* pág. 586*.*

A la luz de la mencionada normativa, evaluamos.

### III.

En síntesis, el peticionario señala que el foro recurrido erró al no aplicar la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.

El TPI, en la Resolución que aquí evaluamos, expresamente indica que, en el caso atendido en el Tribunal Federal, y citamos: "…todas las causas de acción fueron desestimadas sin perjuicio, excepto la presentada en contra de Sandy Feet." Sandy Feet no

es parte en este caso y por lo tanto lo que se está litigando aquí, nunca se litigó en sus méritos en el Tribunal de Estados Unidos para el Distrito de Puerto Rico, la doctrina de cosa juzgada no aplica en este caso.

La realidad es que el TPI realizó un correcto análisis del derecho aplicable. Con esa determinación no encontramos fundamento para expedir el auto de *certiorari*. Este caso se encuentra en una etapa temprana en la que no intervendremos, en espera de que el TPI siga y culmine la controversia allí planteada. Nada impide que la parte que resulte insatisfecha con la determinación final acuda a este foro intermedio.

En fin, en esta etapa no hay prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra,* resolvemos denegar la presente petición de *certiorari*.

## IV.

Por los fundamentos ante expuestos, ***denegamos*** expedir el Auto solicitado contra la *Resolución* emitida por el TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones